# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

Nos. 98-1325WA, 98-1326WA

_____

_____                    *
                                 *
No. 98-1325WA                    *
_____                    *
                                 *
United States of America,        *
                                 *
          Appellee,              *
                                 *
     v.                          *
                                 *
Stanley O. Stone,                *
                                 *
          Appellant.             *    On Appeal from the United
                                 *    States District Court
_____                    *    for the Western District
                                 *    of Arkansas.
No. 98-1326WA                    *
_____                    *
                                 *
United States of America,        *
                                 *
          Appellee,              *
                                 *
     v.                          *
                                 *
Ricky Joe Perry,                 *
                                 *
          Appellant.             *

_____

Submitted:  March 9, 1999

Filed:  June 21, 1999
_____

Before  McMILLIAN,  RICHARD  S.  ARNOLD,  and  MORRIS  SHEPPARD
ARNOLD, Circuit Judges.
_____

RICHARD S. ARNOLD, Circuit Judge.

Stanley Orville Stone and Ricky Joe Perry pleaded guilty to manufacturing marijuana, and to aiding and abetting its manufacturing, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.  The District Court[1] sentenced the defendants to five years of imprisonment, followed by four years of supervised release, fines of $4,000, and special assessments of $100.  Both defendants appeal, arguing that the District Court erred in its calculation of the drug quantity.  The determination of drug quantity is a factual finding and is reviewed under the clearly erroneous standard.  See United States v. Hiveley, 61 F.3d 1358, 1362 (8th Cir. 1995).

At sentencing, the government's witness, Kirk McClenahan, an investigator with the Hot Spring County, Arkansas, Sheriff's Department, testified that he seized 120 marijuana plants from five plots that were cultivated by the defendants, and that laboratory tests on a random sampling of the plants confirmed that the plants were marijuana.  The government also introduced a videotape, made during surveillance of the marijuana patch, that shows the defendants tending to plants in one of the plots.  The videotape also shows Mr. McClenahan, the investigator, removing and counting the plants.

---

[1]The Hon. Jimm Larry Hendren, Chief Judge, United States District Court for the Western District of Arkansas.

The defendants argue that the government did not prove that all of the 120 plants taken from the patch were marijuana plants. Specifically, Mr. Stone argues that the videotape shows that when Mr. McClenahan removed the plants, at least 40 were without leaves, and that some of the plants were nothing but twigs. Mr. Perry argues that each plant should have been tested. We disagree in both respects. The investigator, Mr. McClenahan, testified that he had 12 years of law-enforcement experience, that he had been trained in the identification and eradication of marijuana, that he had been involved in investigations of at least 30 marijuana patches, and that each of the 120 plants he removed appeared to him to be marijuana. This testimony, coupled with the positive laboratory results, sufficiently meets the government's burden of proving that the plants attributable to the defendants were, in fact, marijuana.

The defendants also argue that there was insufficient evidence to link them to all 120 plants. Again, we disagree. Although Mr. McClenahan admitted on cross-examination that the plants came from five different plots, and that the videotape shows the defendants tending to plants in only one plot, the government has met its burden of proof. Mr. McClenahan testified that the plots were close to each other and connected by trails. He also testified that the sizes of the plants were the same, and that the plots were planted similarly. In addition, he testified that, over the course of the surveillance, when something was done to one of the plots, it was done to all of them. We believe this testimony supports amply the District Court's findings, and we see nothing to suggest that the Court's findings were clearly erroneous.

Accordingly, the judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.